The Honorable John H. Dawson State Representative P.O. Box 336 Camden, AR 71701
Dear Representative Dawson:
This is in response to your request for an opinion regarding proxy voting of persons on the board of directors of a non-profit rural water association. You have also inquired as to the responsibility of members and directors of the association with respect to the payment of attorneys' fees for the resolution of a dispute between them which has been settled by a court. Finally, you inquire as to whether any real property owned by the association is exempt from ad valorem taxation.
Your first two questions have been resolved by an order of the Chancery Court of Ouachita County, First Division, No. E-87-376, dated October 7, 1988, a copy of which is enclosed. The court ordered that voting by proxy is "appropriate and legal for all purposes." Op., p. 2. In response to your second question, the court ordered "[t]hat each of the parties shall bear their own cost and expenses and attorneys' fees in this matter." Op., p. 6. It is my opinion that , with regard to the defendants, this language may reasonably be construed as having reference to the Association, particularly in light of the court's specific finding that there was ". . . no evidence of bad faith on the part of the individual board members of the association." Op., p. 5. However, any remaining questions in this regard are properly presented to the court for clarification.
With regard to your final question, it is my opinion that to the extent the real property is public property used exclusively for public purposes, such real estate is exempt from ad valorem taxation. Section 26-3-305 of the Arkansas Code provides simply:
 Waterworks systems owned by nonprofit property owners associations are public property used for public purposes and therefore exempt from ad valorem taxation.
See also Arkansas Constitution Art. 16, 5.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.